25-30259

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

_____

WILLIAM T. SAVAGE SR.,

Plaintiff-Appellant

v.

LASALLE MANAGEMENT COMPANY
AKA LASALLE CORRECTION CENTER
LASALLE CORRECTIONS,L.L.C.,

Defendants-Appellees

_____

On Appeal from the United States District Court for the
Western District of Louisiana, Monroe Division,
Terry Doughty, United States District Judge,

_____

BRIEF OF THE PLAINTIFF-APPELLANT

_____

Carol D. Powell Lexing
Bar Roll #21033
2485 Tower Drive, Suite 6
Monroe, Louisiana 71201
Tele:318-324-0700
Facsimile: 318-324-0702
E:mail: legaldove2@yahoo.com

CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for Appellants David Green et al certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

<u>Appellant</u>: William T. Savage, Sr.

<u>Counsel</u>:
Carol D. Powell Lexing
Bar Roll No. 21033
2485 Tower Drive, Suite 6
Monroe, LA 71201
318-324-0700

<u>Appellees</u>: LaSalle Management Company, AKA LaSalle Correctional Center, LaSalle Corrections, L.L.C.

<u>Counsel</u>:
Kaitlin Aubrey Wall
Fisher& Phillips
Bar Roll No.39462
301 Main Street Ste. 2110
New Orleans, LA 70170
504-522-3303

Respectfully submitted,

**/s/ Carol D. Powell-Lexing**

Carol D. Powell-Lexing
Bar Roll No. 21033
2485 Tower Drive, Suite 6
Monroe, Louisiana 7120
318-324-0700
318-324-0702 (facsimile)
legaldove2@yahoo.com

Attorney for Appellants

## STATEMENT REGARDING ORAL ARGUMENT

The issue raised in this case may be resolved through settled principles of issue preclusion law. Therefore, Appellants do not request oral argument.

## TABLE OF CONTENTS

## Contents

CERTIFICATE OF INTERESTED PERSONS.......................................1

TABLE OF CONTENTS ..............................................................5

TABLE OF AUTHORITIES..........................................................6.

JURISDICTIONAL  STATEMENT...............................................8

STATEMENT OF THE ISSUES ..................................................9

STATEMENT OF THE CASE .....................................................10

SUMMARY OF THE ARGUMENTS ...........................................

ARGUMENT...............................................................................

CONCLUSION ..........................................................................47

CERTIFICATE OF COMPLIANCE .........................................48

# TABLE OF AUTHORITIES

**Cases**

*Batson v Neal Spelce Associates, Inc.,* 765 F.2d 511( 5th Cir. 2004) ………………………………………………………………………………40

*BerryvCigna/RSI-IGNA,* 975F.2d1188(5thCir.1992)………………..,25

*Bradshaw v Uity Corp. Inc. 147 Supp. 2d 668 ( S.D. Tex 2001)…44,46*

*Brinkmann v Abner,* 815 F.2d 744 (5th Cir.1987…………………………40

*Campbell v Wilkinson,* 998 F. 3d 798(5th Cir. 2021)…………………..25

*CEATS, Inc. v Ticketwork, Inc.,* 83 F.4th 161( 5th Cir. 2023)…………31

*FDIC V CONNER,* 20 F.3d 1376 (5th Cir. 1994)……………….25,27,40

*Geiserman v MacDonald,* 893 F. 2d 787(5th Cir. 1990………………..27

*Hamburger v State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875(5th Cir. 2004)…………………………………………………………………………..27

*In re Dierschlce,* 975 F.2d 181(5th Cir. 1992)…………………………40

*Jenty v Big Bubba's Bail Bond,* 72 F. 4th 116 (5th Cir. 2023........ ….45

*Johnson v Jones 19-90206(5th Cir. 2019)………………………………40*

*McNeal v Papeson,* 842 F.2d 787 (5th Cir. 1988)………………………25

*McGowan v Faulkner Concrete Pipe Co.,* 659 F.2d 554(5th Cir. 198131

*Morris v Ocean Systems Inc.,* 730 F.2d 248(5th Cir.1984)…………..25

*Rogers v Kreger Co., 667 F.2d 317(5th Cir.1982)*..............................25

*Silas v Sears Roebuck& Co., 586 F.2d 382(5th Cir. 1978)*...............*32*

*Sturgeon v Airborne freight Corp., 778 F.2d 1154(5th Cir. 1985)*......25

*United States v Swenson, 894 F.3d 677* (5th Cir. 2018)................45

**RULES**

**Fed.R.Civ.P. 37**…………………….. ……….……………..23,30,43

**Fed. R. Civ.P. 41**……………………………23,25,40,41,43,45,46

**Fed.R. Civ.P.8/12**…………………………………………45,46

## JURISDICTIONAL  STATEMENT

Appellant invokes jurisdiction of this Court under 28 U.S.C. § 1291,

as an appeal from a final ruling of the district court.

## STATEMENT OF THE ISSUES

1.    The District Court erroneously applied the four-factor test from Hamburger v State Farm Mut. Auto. Ins. Co. and Geiserman v MacDonald as oppose to the Heightened findings under FDIC v Connor.

2.    The District Court erroneously excluded all of Plaintiff's evidence as a sanction for Plaintiff's alleged failure to participate in litigation under Federal Civil Procedure Rule 37 & 41.

3.    The District Court erroneously granted Defendant's Motion in Limine excluding all of Plaintiff 's evidence because of Plaintiff 's alleged failure to comply with a scheduling order.

4.    The District Court erroneously dismissed Plaintiff's case without holding that the Defendants' failed to comply with the Scheduling Order.

5.    The District Court erroneously dismissed Plaintiff's argument/explanation as " delivering the most amateurish pleadings" "amounting to dozen of pages of gibberish" against

the Fifth Circuit precedent disfavoring demeaning Judicial rhetoric.

## STATEMENT OF THE CASE

1. **Course of Proceedings regarding the Motion to Dismiss in the Court Below**:

Plaintiff Counsel has repented and paid the price for her transgression that occurred in the initial stage of the litigation. ROA. 280; ROA.482; ROA.263; ROA.316. On the eve of two Trials scheduled for March 11, 2024 and March 3, 2025, Defendants urges through two Motion in Limine with the same arguments that allegedly Plaintiff failed to produce, identify, and disclose witnesses and/or introduced exhibits. ROA. 306, ROA.500. On February 28, 2025, Defendants file a Motion to Dismiss pursuant to Rules 37 and/or 41 of the Federal Rules of Civil Procedure, as a result of Plaintiff's allegedly repeated refusal to cooperate and participate in discovery, continued willful disregard of this Honorable Court Case Management

Scheduling Order(s), and failure and/or refusal to prosecute his case. Plaintiff in his previous oppositions ROA.316, ROA.529 has offered in the record exhibits A-H to refute Defendant's callous accusations. ROA.325, ROA.366 Plaintiff respectfully submit that defendants failed their burden of proof in bringing their Motion in Limine and Motion to Dismiss  which the District Court erred in granting and not considering  the following:

On March 17, 2023, Defendants filed a Motion to Compel discovery because Plaintiff had not served his responses to Defendants' Interrogatories and Request for Production of Documents. Plaintiff was unaware of the Motion; therefore, the Motion was unopposed. Plaintiff only became aware of the Motion on June 8, 2023, when Defendants filed their Motion to Dismiss based on Plaintiff failure to comply with the scheduling Order and failed to respond to Discovery. As detailed in ROA. 263. Plaintiff was consumed with issues and due to the pressures of the practice of law counsel

inadvertently did not complete discovery. But once Counsel was served with the Motion to Dismiss Plaintiff hasten and did comply with the order. Further complied with the court's ruling's of August 8, 2023, report and recommendation and adopted on August 24, 2023. On August 10, 2023, Plaintiff contacted the defendants to discuss the upcoming discovery deadline of September 26, 2023. ROA. 362, ROA.363, ROA. 364. On September 25, 2023, a Joint motion for Extension was filed extending the deadline to complete discovery from September 26, 2023, to December 10, 2023. ROA.294. On September 26, 2023, the court granted the order extending the discovery deadline to December 10, 2023. ROA.298. The December 10, 2023, discovery deadline was incorporated into the new November 2, 2023, scheduling order. ROA.299. In response to the Order on September 26, 2023, Plaintiff sent an e-mail on October 13, 2023, to Defendants requesting available dates for discovery. ROA. 325. Defendants never responded. On

October 23, 2023, for the first time Plaintiff's counsel met Defendants' counsel in court on different matters. Prior to court commencing counsels discussed the case and potential dates for discovery were discussed but no commitments were made since  both were not privity to their respective calendars.

On November 1, 2023, Plaintiff's counsel called Defendants' counsel to discuss deposition dates and discuss potential settlement. During this conversation counsels discussed coordinating deposition dates with the understanding that all the witnesses including Plaintiff Savage would be deposed on the same day or the following day.  Defendants' counsel Ms. Wall advised she would relate this to her client and would get back with Plaintiff on Friday, November 3, 2023; however, but for what reasons(unknown) they did not. On November 8, 2023, Plaintiff's counsel called Ms Wall and left a message; once again she never responded neither by email nor telephone. **ROA. 326** ( November

13, 2023 e:mail). Plaintiff never heard from Defendants until Plaintiff forward an e-mail dated November 20, 2023 requesting a rule 10.1 conference. ROA.327, ROA.328 On Wednesday November 22, 2023, counsels discussed taking depositions on December 4 and the afternoon of December 5 and December 6 pending defendants' counsel hearing back from her clients. ROA.328 (e-mail dated November 29, 2023). From November 22, 2023, Plaintiff did not hear back from the defendants. Plaintiff counsel called and spoke with Ms Wall, who subsequently responded on November 29, 2023, with an e-mail that she had not received dates. Plaintiff responded to Ms Wall on the same day and provided more deposition dates.ROA.329 (November 29, 2023 e-mail)  On November 30, 2023, Ms Wall responded but did not address the dates provided on the November 29, 2023 e-mail.ROA.333 (November 30, 2023 e:mail). Plaintiff never heard from defendants until they forward their pretrial inserts on March 14, 2024,

and filed their Motion in Limine on March 15, 2024. On April 10, 2024, the Court denied Defendants' Motion in Limine. ROA.482

On April 11, 2024, a telephone status/scheduling conference was held with Magistrate Judge McClusky. Subsequently, Plaintiff's counsel contacted Defendants' Counsel Ms Wall to discuss when would the defendants' provide Responses to Plaintiff's Interrogatories and Request for Production of Documents that were forwarded to the Defendants on November 13, 2023. Further discussion was limited to when will the defendants make available the witnesses for Plaintiff to depose and when will Plaintiff have Mr. Savage available to depose. Defendants never would provide dates to Plaintiff under the auspice that some of the witnesses no longer worked for LaSalle or they were at LaSalle office in Houston Texas. Contrary, to the Defendants' Motion, Memorandum and self serving affidavit ROA.500 Defendants, counsel never mentioned

that any responses were owing because on July 5, 2023 and July 7, 2023, Plaintiff had forwarded all responses to the Defendant and Fedx the manual documents to the defendants. ROA.339 & ROA.340. On Plaintiff's part there are no outstanding unanswered written discovery. Defendants' failure to take Mr. Savage deposition (the only witness they requested to take deposition) is no fault of Plaintiff it belies that Defendants will make such assertion. Plaintiff has acted in good faith and made every effort possible to get depositions set for both Plaintiff and Defendant without having to file a motion to compel; however, to no avail. Plaintiff has not heard from Defendants since April 11, 2024, until they filed their Motion in Limine on January 10, 2025. The only party that has failed to comply with the Court's Scheduling Order ROA. 487 are the Defendants. They failed to exchange numbered exhibits on January 14, 2025, instead after Plaintiff's request, sent them on January 29, 2025. Further

Defendants' Pre-trial Inserts offers no addresses or the bases of their witnesses testimony. Defendants were disingenuous in their Motion to Dismiss on page 9 relative to a conversation with Plaintiffs' counsel 'to amend her request to identify from whom she seek information". Plaintiff counsel never agreed to amend and resend the discovery request. Plaintiff has always from the initial disclosures through their Response to Defendants' discovery identified the witnesses whom she needed information. Defendants were fully aware of such witnesses since October 13, 2023. ROA.325

On October 11, 2022, plaintiff forward his Initial Disclosures pursuant to civil case management order. [Doc. 24] to the Defendants. ROA.335 (Plaintiff's Initial Disclosures) In the Initial Disclosures witnesses and exhibits were identified. Specifically, Plaintiff identified Eight Exhibits and eleven (11) witnesses including a blanket statement of any other witnesses revealed through the discovery process. Moreover, on

July 5, 2023, in response to Defendants First set of Interrogatories and Request for Production of Documents Plaintiff cites the witnesses in Response 3, 10 and 16. ROA.339(See July 5, 2023, email). Defendants thanked Plaintiff for the discovery. ROA. 340(See e-mail dated July 6, 2023). Plaintiff has made available to the Defendants witnesses and exhibits. Upt most importance is that all the witnesses listed on Plaintiff's Initial Disclosures, Discovery and Pre-Trial inserts (but for Mr. Savage wife and daughter) are employees and/or work in conjunction with LaSalle Management. Further the list provided did not need amending since Defendants put forward that those employees no longer worked for Defendants and in conversation advised their whereabouts were unknown. ROA. 424.

Plaintiff has been available and made available to the defendants their witnesses and exhibits list since 2022 in this matter. Plaintiff has proceeded on two occasions to move his case forward by preparing for trial

pursuant to the scheduling orders by filing Joint Preposed Pretrial Orders; Trial briefs, forwarding the Trial Glossary and witness list to the court reporter. ROA. 461,ROA.474, ROA.547, ROA. 564,ROA.

On February 14, 2025, telephone status conference was set for February 18, 2025. While preparing for the March 3, 2025, trial Plaintiff Counsel inadvertently missed the status conference. ROA. 662. However, after seeing the minutes from the status conference Plaintiff counsel immediately filed a Motion for a second status conference. ROA. 593.

The Court the next day on February 19, 2025, issued his Memorandum Order excluding Plaintiff's evidence and denying the Motion for a Second Status Conference. ROA. 597. The Court reopened Dispositive deadline to allow Defendants who had missed the previous Dispositive Motion deadline to file their Motion to Dismiss. ROA. 601. Subsequently, Defendants filed their

Motion alleging the same argument that Plaintiff and/or failed to prosecute his case, contrary to what the record reflects. ROA. 602. On march 21, 2025, Plaintiff filed his opposition. ROA. 636 . On March 29, 2025, the court issued it's Memorandum Ruling and Judgment dismissing Plaintiff's case with Prejudice. ROA. 673.

From those rulings on April 25, 2025, Appellant filed his Notice of Appeal. ROA. 675, ROA. 677.

## 2. STATEMENT OF THE FACTS:

This case involves workplace racial discrimination and retaliation claims made by Plaintiff William T. Savage Sr., against LaSalle Mangement AKA LaSalle Management Company, AKA LaSalle Correctional Center. Plaintiff commenced his tenure with Defendant LaSalle in January 2001. Mr. Savage applied for the position of Head Warden four times throughout his eighteen(18) years history with the company. Fifteen (15) years and six months of that time has been in the job capacity as an Assistant Warden

or Deputy Warden. His career in the field of correction relates back to 1996. Mr. Savage was treated less favorably than similar situated white employees who had no administrative and security experience of the Warden's positions. ROA. 16.

### 3. SUMMARY OF THE ARGUMENT:

The record will reflect that Appellant/Plaintiff from the time he  produced his initial disclosures and Responses to Discovery has identified his witnesses and exhibits in accordance with the Court operative Scheduling Orders. Neither Plaintiff nor his counsel refused to cooperate and participate in discovery. Nor did they have a continued willful disregard of the Court's Scheduling Order.  The record will show that Appellant/Plaintiff has made a good faith effort to prosecute his case; therefore, dismissal pursuant to FRCP Rules 37 and or 41 is unwarranted. The record will NOT  show a certification by the Appellees/Defendants that they in good faith conferred or attempted to confer to resolve the dispute without court action prior to  filing Two Motion in Limine too

exclude Appellant's witness and exhibit list on the eve of two trials. Nor did they file a Motion to Compel if they thought they were being prejudice pursuant to Rule 37(a)(1). The Trial Court erred by not denying both Appellee's Motions on that procedural ground alone.

The Court did not find any heightened factors pursuant to FDIC v Conner such as willful or bad faith violations; client (not counsel) responsibility; substantial prejudice or why lessor sanctions could not suffice before imposing a dispositive exclusion and a death penalty litigation ending sanctions. Within Louisiana's federal courts *Hamburger/ Geiserman* are routinely used to assess specific late experts- not to extinguish a case. Conversely, when courts dismiss claims for discovery violations, they invoke *Conner's heightened requirements.* In Appellant Svage case, the District Court never did.

Plaintiff respectfully prays that this Court reverse the dismissal of Appellant's suit by the District Court, apply the

Conner framework, and impose narrowly tailored curative remedies consistent with FCPR Rule 37 ©(1).

4. <u>**ARGUMENT :**</u>

    a. *Issue no. One: The District Court erroneously applied the four- factor test from Hamburger v State Farm Mut. Auto. Ins. Co. and Geiserman v MacDonald as oppose to the Heightened findings under FDIC v Connor.*

    b. *Issue no. Two: The District Court erroneously excluded all of Appellant/Plaintiff's evidence as a sanction for Plaintiff's alleged failure to participate in litigation under Federal Civil Procedure Rule 37 & 41.*

    c. *Issue no. Three: The District Court erroneously granted Appellees/Defendant's Motion in Limine excluding all of Plaintiff 's evidence because of Appellant/Plaintiff 's alleged failure to comply with a scheduling order.*

d. *Issue no. Four: The District Court erroneously dismissed Appellant/Plaintiff's case without holding that the Defendants' failed to comply with the Scheduling Order.*

e. *Issue no. Five: The District Court erroneously dismissed Plaintiff's argumentexplanation as " delivering the most amateurish pleadings" "amounting to dozen of pages of gibberish" against the Fifth Circuit precedent disfavoring demeaning Judicial rhetoric.*

## STANDARD OF REVIEW:

**The fifth Circuit imposes a heightened standard for litigation-ending sanctions. Before dismissing a case, striking pleadings, entering default, or imposing a sanction that is effectively case- dispositive, the court must find: (1) willful or bad faith misconduct; (2) that the client-not just counsel- was responsible; (3) substantial prejudice to the opposing party; and (4) that**

lesser sanctions would not achieve the desired deterrent effect. *FDIC V Conner,* 20F.3d 1376 *(5th Cir. 1994).* Reversal is warranted under Plain-error review because Conner's mandatory findings were omitted or clearly unsatisfied on this record.

## ARGUMENTS AND AUTHORITIES:

Dismissal under Rule 41(b) is and "extreme sanction" that is appropriate only where a clear record of delay or contumacious conduct by the plaintiff exists and less sanctions would not serve the best interests of justice. *McNeal v Papasan,* 842 F. 2d 787, 790 *( 5th circuit 1988); see also Sturgeon v Airborne Freight Corp* 778F. 2d 1154, 1159 *(5th circuit 1985). Additiona*lly, the Fifth Circuit looks for proof of at least one of the following "aggravating factors": (1) Delay caused by Plaintiff and not his attorney, (2) actual prejudice to the defendant because of delay, and (3) Delay caused by intentional conduct. See *McNeal,* 842 F. 2d at 790 *(citing Sturgeon,*

*778F.2d at 1159* ); *Campbell v Wilkinson, 988 F.3d 798 (5th Cir. 2021).*

"Generally, where a Plaintiff has failed only to comply with a few court orders or rules we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v CIGNA/RSI-CIGNA, 975 F.2d 1188,1191 n.6 (5th Cir. 1992). Rogers v Kroger Co., 669 F.2d 317 (5th Cir. 1982); Morris v Ocean Systems, Inc., 730 F2d. 248 (5th Cir. 1984)*

The fifth Circuit imposes a heightened standard for litigation-ending sanctions. Before dismissing a case, striking pleadings, entering default, or imposing a sanction that is effectively case- dispositive, the court must find: (1) willful or bad faith misconduct; (2) that the client-not just counsel- was responsible; (3) substantial prejudice to the opposing party; and (4) that lesser sanctions would not achieve the desired

deterrent effect. *FDIC V Conner,* 20F.3d 1376 *(5th Cir. 1994).*

   a. *Issue no. One: The District Court erroneously applied the four- factor test from Hamburger v State Farm Mut. Auto. Ins. Co. and Geiserman v MacDonald as oppose to the Heightened findings under FDIC v Connor.*

Based on Plaintiff's aforementioned *Statement of the case* Plaintiff respectfully moves to vacate the order that excluded all of Plaintiff's evidence as a sanction for alleged noncompliance with the Scheduling Order. The district court applied the four-factors test from *Hamburger v State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875 *(5th Cir. 2004)* and *Geiserman v MacDonald,* 893 F.2d 787*( 5th Cir. 1990),* to justify a blanket exclusion that effectively ended the case. That was error. In the Fifth Circuit, litigation-ending sanctions-whether styled as dismissals, striking of pleadings, or wholesale exclusion of evidence-require the heightened findings articulated in *FDIC v Conner.* In the case subjudice the record will reflect no willful or bad faith misconduct on behalf of

the Plaintiff or his Counsel, nor has the client William T. Savage Sr. been responsible for any delays, failure to comply with a court order, failed to produce, identify, and disclose witnesses and/or exhibits, nor failed to be available for depositions, nor failed to participate in discovery nor failed to attend a conference or failed to prosecute his claims. Defendants have not been prejudiced and have offered no evidence that they have suffered actual prejudice by any delay caused by the Plaintiff or his Counsel. Instead the Defendants on the eve of two trials have filed the same Motion in Limine and fostered the same argument in their Motion to Dismiss. The district Court failed to take notice that the Defendants did not inquire nor request to take Plaintiff's deposition in 2024; Did not unilaterally Notice Plaintiff for dates/or depositions; did not request a meet and confer conference and did not file a Motion to Compel. The Court explained why lesser sanctions would not suffice by shifting all the blame on Plaintiff

based on the Defendants unsubstantiated allegations which are refuted by the record. Lesser Sanctions could have been imposed on the Defendants as well as Plaintiff such as a short continuance, a firm deposition schedule, and cost shifting. The District Court did not meaningfully weigh those options.

Excluding "all" of Plaintiff's evidence did not merely police the timing of a disclosure-it terminated the claims. Fifth Circuit law requires the *Conners* findings in the circumstances. The District Court made no explicit findings of client-level willfulness or bad faith, substantial, incurable prejudice, or the inadequacy of lesser sanctions. At most the record shows counsel level infractions at the beginning of the case which Appellant's Counsel rectified. In addition, Counsel inadvertently missed a telephone conference because she was in the midst of preparing for the up coming March 3, 2025, trial. ROA. 662. However, when Counsel saw the minutes she immediately filed a Motion for a

Second Status Conference which the district court denied. ROA. 597.

*Hamburger* and it's progeny address exclusion of specific witnesses or pieces of evidence. They do not authorize a categorical bar that functionally dismissed a party's case without the *Conner's* safeguards.  In this case the District Court excluded all of Appellant/Plaintiff's evidence. Therefore, the District Court Ruling/Judgment constitute reversible error. Alternatively, that reversal is warranted under plain-error review because Conner's mandatory findings were omitted or clearly unsatisfied on this record.

> *Issue no. Two: The District Court erroneously excluded all of Appellant/Plaintiff's evidence as a sanction for Plaintiff's alleged failure to participate in litigation under Federal Civil Procedure Rule 37 & 41.*

> *Issue no. Three: The District Court erroneously granted Defendant's Motion in Limine excluding all of Plaintiff 's evidence because of Plaintiff 's alleged failure to comply with a scheduling order.*

Plaintiff consolidates Issues no. Two and Three. The Fifth Circuit has long held that Sanctions Orders under Rule 37 are reviewed for abuse of discretion, but litigating-ending sanctions demands "Heightened" scrutiny requiring specific findings. *CEATS, Inc. v Ticketwork, Inc.* 83 F.4th 161 *(5th Cir. 2023). In CEATS,* the court vacated a "litigation-ending sanction for lack of a bad-faith finding and for failure to justify why lesser sanctions would not suffice. The District Court in our case did not find any bad-faith on behalf of Plaintiff Savage or his counsel.

In *McGowan v Faulkner Concrete Pipe Co.,* 659 F.2d 554 *(5th Cir. 1981)* the Court reversed the district court's dismissal of an employment discrimination action that had been pending for about two years. The district court entered what amounted to a final termination of the action on the grounds of failure to prosecute and failure to follow court orders. The Plaintiff in that case took no depositions, engaged in no discovery, exchanged

no exhibits, filed his first pretrial order six days late and his proposed findings of fact and conclusions of law forty-three days late, and failed to reimburse defendant for certain discovery which was ordered by the court. The Court did not find a " a clear record" of delay or contumacious conduct by the Plaintiff because Plaintiff was not personally involved. The Court further opined that while a negligent approach to the litigation was not a willful contempt because the Plaintiffs themselves appear to be innocent parties.

In Silas v *Sears, Roebuck & Co., 586 F.2d 382,384-85 (5th Cir. 1978)*, the court found no clear record of delay or contumacious conduct where counsel failed to answer interrogatories, failed to confer with defendant on pretrial order, and failed to appear at a pretrial conference.

As previously stated Appellant's Counsel has repented and paid the price for her transgression regarding the May 3, 2023 fines and the August 24,

2023 fines. When Appellees' on the eve of trial filed their Motion in Limine on March 15, 2024, moved to exclude Plaintiff from calling witnesses and/or introducing exhibits as evidence at the trial, as a result of allegedly failing to produce, identify, and disclose such information to Defendant it was debunked by 42 pages of exhibits attached to his opposition ROA. 316.  On April 10, 2024, the court agreed based on the evidence presented and ruled "Therefore, because there were attempts from Plaintiff to facilitate "*movement of discovery in this case, the defendant's Motion is denied.*" "Although not explicitly asked for, this court finds that a continuance in this matter is necessary." " *However, this will be the last continuance for the failure to timely communicate and abide by Court's Orders in this case.*" ROA. 482. Contrary to Defendants assertion that the Court warned just Plaintiff this warning was issued to both the Plaintiff and Defendant.  Plaintiff

never failed to produce, identify, and disclose witnesses and/or introducing exhibits. Plaintiff has not failed to amend his discovery requests because defendants had indicated that the witnesses Plaintiff wanted to depose did not work for LaSalle anymore. Relying on Defendants' email dated November 30, 2023 in which she advised that none of the individuals Appellant listed were currently employed with Appellees there was no need to file a Motion to Compel. Further the dates of December 4,5, 6, 11 and 12, 2023 were still open. In light of Plaintiff being available to take deposition. However, Defendants never got back with Plaintiff nor inquired if the dates or any other dates were available, nor file a Motion to Compel Plaintiff.  Defendant remained silent until March 14, 2024 and March 15, 2024 when they filed their Motion in Limine which was denied on April 10, 2024 as previously discussed.

Next, infraction by Plaintiff regarding the scheduling Order was the Pre-Trial inserts date of March 8, 2024, which through oversight did not forwarded Plaintiff's Pretrial Inserts until April 2, 2024. [Doc,48-2 pp. 36-37] Plaintiff and Defendant Counsels conferred and Plaintiff timely filed the Pre-Trial Order. Also, to be noted Plaintiff timely filed his Pre-Trial Memorandum in accordance with the scheduling Order.

On April 11, 2024, a telephone status/scheduling conference was held with Magistrate Judge McClusky whereby Plaintiff called in pursuant to the instruction from the scheduling Order. Following the status conference Plaintiff's counsel called Defendants' counsel to discuss Plaintiff's unanswered discovery request that was served on Defendants' on November 13, 2023 because the deadline date felled on a holiday (Veteran day). Plaintiff's had already served their responses to Defendants' Interrogatories and

Request for Production on July 5, 2023. ROA. 316. During that conversation Defendants' once again expressed that the witnesses Plaintiff wanted to depose no longer worked for the defendants and Defendants could not produce the witnesses because they did not know there were abouts. There was no discussion about amending and resending the discovery request considering the Witnesses according to the Defendants were unproducible. Plaintiff never advised he would amend and resend the discovery request as previously discussed.

Plaintiff was ready to proceed with the Trial in light of not being able to depose the witnesses.

From April 12, 2024, under the new scheduling Order  Plaintiff did not hear from the Defendants' who never inquired about dates to take Plaintiffs' deposition, never filed a Motion to Compel or contacted Plaintiff. Defendants' whom once again missed the discovery deadline date, missed

dispositive motions deadline date and then on the eve of trial for the second time filed on January 10, 2025, the same Motion in Limine.

On January 31, 2025, Plaintiff filed their opposition. **ROA.529**. On Thursday, January 2, 2025, in preparation for the trial that was scheduled for March 3, 2025,  Plaintiff timely forwarded their Pre-Trial Inserts to defendant per the scheduling Order. Plaintiff and Defendants communicated regarding trial preparation.

On February 14, 2025, counsel received an email from Mr. Jack Foster the Judge's law clerk regarding call in information for the status conference set for Tuesday February 18, 2025. Counsel responded "ok thanks" via I phone to Mr. Foster email while siting in the waiting room at the doctor's office.  In light of, Counsel response she forgot due to being overwhelmed with work in preparation on this case for trial and other cases requiring oral arguments

before the appellate court. It is to be noted that Plaintiff was working on Plaintiff's real time Glossary list of Parties and Witnesses pursuant to the scheduling Order ROA. 662. (e:mailed dated February 18, 2025.) Upon reviewing Counsel's email on the afternoon of February 18, 2025, Counsel saw the Notice of the Minute Entry from the meeting and immediately filed a Motion for a Second Status Conference. On the following day, February 19, 2025, this Court issued its' Memorandum Ruling granting Defendants Motion to Exclude and Denying the Motion for a Second Status Conference.

In the case sub judice, Plaintiff proceeded toward prosecuting his claim but for missing the March 8, 2024, Pre-Trial inserts date which Plaintiff did forward to Defendants on April 2, 2024 and Missing the February 18, 2025, Status conference which Plaintiff tried to immediately to rectify by requesting a second status conference to no avail, complied with

the court's scheduling order. The record will reflect that Defendants' allegations of Plaintiff's allegedly repeated refusal to cooperate and participate in discovery and failure to prosecute and continued willful disregard of the court's scheduling order are not true.

. The record does not reflect any intentional delay or contumacious by the Plaintiff or Plaintiff's Counsel as detailed in the facts.

In applying the court's analytical framework in *McGowan, the record* in this case *does not reflect any delay nor intentional delay or contumacious conduct by Appellant/Plaintiff* Savage himself nor Appellant's Counsel.  Appellees LaSalle have not been prejudice due to Plaintiffs' conduct but their own conduct in being unprepared for the trial because they missed the discovery deadline dates and dispositive motions deadline dates then sought to blame Plaintiff.

In *McGowan,* the court did not view Plaintiffs' conduct of no depositions taken, no discovery was made, Plaintiff first pretrial order was filed late, no exhibits had been exchanged, Plaintiffs' proposed findings of fact and law was filed 43 days later and the plaintiffs had not paid Faulkner the duplicate bill of $421.62 as willful contempt to warrant a dismissal under Rule 41(b).

The Fifth Circuit has consistently held that because the law favors the resolution of legal claims on the merits, *In re Dierschke,* 975 F.2d 181,183 (5th Cir. 1992), and because dismissal is a severe sanction that implicates due process, *Brinkmann v Abner,* 813 F.2d 744,749( 5th Cir. 1987), we have previously deemed dismissal with prejudice to be a "*draconian remedy*" and a "*remedy of last resort." Batson v Neal Spelce Associates, Inc.* 765 F. 2d 511,515 (5th Cir. 1985). *The* Court has further held that dismissal with prejudice, is an extreme sanction that deprives a

litigant of the opportunity to pursue his claim. *F.D.I.C. v Conner et al, 20 F. 3d 1376 (5th Cir. 1994); Johnson v Jones, 19-90206(5th Cir. 2019).*

Based on the above paragraphs Defendants' fails to meet all the factors set out by the Fifth Circuit for a dismissal pursuant to FRCP 41(b). Ther is no clear record were Plaintiff was personally responsible for the delay; Defendants have not shown were they have been actually prejudice because they made no effort to inquire or request to take Plaintiff Deposition or file a Motion to Compel; There was no delay and arguably if there was it certainly was not due to any contumacious or intentional conduct. Therefore, in the interest of Justice the District Court dismissal with prejudice should be reversed.

Dismissal is inappropriate if the violation of the discovery order is plainly attributable to the attorney instead of the client, or when a party's negligence is

**grounded in confusion or misunderstanding of a court order.** *Campbell.*

**Appellant's Savage counsel after being sanctioned by the Court complied and served Responses on Appellees within the time ordered by the Court. Contacted Appellees on August 10, 2023, to request new dates for the scheduling Order. Contacted the Defendants for taking depositions, suggested deposition dates. Consulted with Defendants' Counsel who we both agreed to take both parties depositions at the same time whereby Defendants' Counsel offered to retain the Court Reporter.**

**Although late through oversight did forwarded Plaintiff's Pre-Trial Inserts that were due on March 8, 2024 on April 2, 2024 to Defendants so that the Pretrial Order was timely filed.**

**Plaintiff on February 18, 2025, while preparing for trial in this case specifically the Real time Glossary List of Parties and Witnesses pursuant to the Pretrial**

Order inadvertently forgot about the status conference that was scheduled for that day February 18, 2025.

Defendants have not been prejudiced and have offered no evidence that they have suffered actual prejudice by any delay caused by the Plaintiff because Plaintiff has been standing available for Defendant to take his deposition since 2023. *Appellees* LaSalle Did not inquire nor request to take Plaintiff deposition in 2024 ; Did not unilaterally Notice Plaintiff for dates /or deposition; Did not file a Motion to Compel Deposition. Defendants' have chosen to hide behind a November 30, 2023, email for their failure to be prepared for two trials. It belies Plaintiff that Defendants would blame Plaintiff for their failure to do the above.

Plaintiff's Counsel conduct perhaps not admirable does not meet the criteria enumerated in to warrant dismissal or sanctions under FRCP Rule 41 and FRCP

37.Therefore, the District Court Dismissal of Appellant's suit with prejudice should be reversed and remanded for further proceedings.

*Issue no. Four: The District Court erroneously dismissed Appellant's case without holding that the Appellees failed to comply with the scheduling Order:*

FRCP Rule 37(a)(1) obligates a movant to certify a good-faith conference before seeking judicial intervention. Defendant LASALLE did not do so and did not file a Motion to Compel. That omission alone undercuts any assertion that lesser measures would be ineffective and dismissal. Defendants' LASALLE own noncompliance with the scheduling order such as failing to contact Plaintiff on two occasions prior to the eve of trial, did not request new dates or pursue a Motion to Compel weighs against the severe sanction of dismissal.

*Issue no. Five: The District Court erroneously dismissed Plaintiff's argument/explanation as " delivering the most amateurish pleadings" "amounting to dozen of pages of gibberish"*

*against the Fifth Circuit precedent disfavoring demeaning judicial rhetoric:*

Plaintiff respectfully submits this argument to refute any reliance on the rhetorical flourishes of *Bradshaw v Unity Corp., Inc., 147 Supp.2d 668(S.D. TEX. 2001),* to demean or discount Plaintiff's pleadings as "amateurish" or "gibberish". Bradshaw is a nonbinding district-court opinion from the Southern District of Texas-outside Louisiana and it's caustic asides are dicta. Contemporary Fifth Circuit and Louisiana federal decisions emphasize adjudication on the merits, the liberal construction of pleadings consistent with Rule 8, and the preference for clarification through Rule 12( e ) or amendment rather than dismissal or disparagement.  *Jeanty v Big Bubba's Bail Bond, 72 F. 4th 116 (5th Cir. 2023). Bradshaw's* well known *jibes* (calling filings "gibberish", likening counsel to children using crayons) are not holdings and should not substitute for Rule 8 analysis. The fifth Circuit has expressly condemned "demeaning" judicial comments as "inappropriate" and "beneath the dignity of a federal judge", and has reassigned cases in response. *United States v Swenson, 894 F.3d 677 (5th Cir.*

*2018)(per curiam). Louisiana federal courts should; therefore, decide Motions by applying Rule 8/12 instead of adopting Bradshaw's rhetoric.*

**To the extent the District Court referenced *Bradshaw* to label Plaintiff's filings "amateurish" or "gibberish" Plaintiff respectfully request this Honorable Court (1) disregard *Bradshaw's dicta; (2)* apply Rule8/12 standards as articulated by by the Fifth Circuit, and(3) if the Court believes greater specificity is warranted grant leave to amend or, alternatively, order a Rule 12€ more-definite statement. Dismissal with prejudice or disparagement of a party's filings would conflict with governing law and the Fifth Circuit's emphasis on adjudication on the merits. The District Court reliance on *Bradshaw should constitute reversible error.***

### <u>5.</u> CONCLUSION

For the foregoing reasons The District Court Dismissal of Appellant's Suit with prejudice should be reversed and remand for further proceedings. In the alternative, reversal is warranted under

plain-error review because Conner's mandatory findings were omitted

or clearly unsatisfied on this record.

## CONCLUSION

Appellant prays that the Court reverse the judgment

below and remand for further proceedings consistent with the

Court's opinion.

Respectfully Submitted:

/s/ **Carol Powell-Lexing**
Carol D. Powell-Lexing
Bar Roll No. 21033
2485 Tower Drive, Suite 6
Monroe, Louisiana 71201
318-324-0700
318-324-0702 (facsimile)
legaldove2@yahoo.com

Attorney for Appellant

## CERTIFICATE OF SERVICE

I have served a true copy of this brief has been served on all

counsels of record, via the electronic filing system, on this 2nd day of

Steptember 2025.

/s/ **Carol Powell-Lexing**
Carol Powell-Lexing

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the typeface and type volume limitations of Fed. R. App. P. 32 (a) and Local Rule 32.2, in that it contains 6,248 words in MS Word, 14-point New Century Schoolbook font.

/s/ **Carol Powell-Lexing**
Carol D. Powell-Lexing