CASE NO. 25-30259
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

WILLIAM T. SAVAGE SR.,

*Plaintiff-Appellant*

v.

LASALLE MANAGEMENT COMPANY
ALSO KNOWN AS LASALLE CORRECTION CENTER,
LASALLE CORRECTIONS, L.L.C.,

*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION
(CIVIL ACTION NO. 3:21-cv-02253-TAD-KDM)
THE HONORABLE TERRY DOUGHTY PRESIDING

---

**BRIEF OF APPELLEES**

---

KAITLIN A. WALL
Louisiana Bar No. 39462
EDWARD F. HAROLD
Louisiana Bar No. 21672
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: kawall@fisherphillips.com
        eharold@fisherphillips.com
*Counsel for Appellees*

FP 60024424.1

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that these listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome.

1. William T. Savage Sr., Appellant

2. Carol Powel Lexing, counsel for Appellant

3. LaSalle Management Company, Appellee—LaSalle Management Company is the proper party Appellee

4. LaSalle Correctional Center, Appellee— LaSalle Correctional Center was improperly named in the caption

5. LaSalle Corrections, L.L.C., Appellee— LaSalle Corrections, L.L.C., was improperly named in the caption

6. William McConnell, Appellee— William McConnell is the proper party Appellee

7. Pat Temple, Appellee— Pat Temple is the proper party Appellee

8. Elizabeth Libby Tigner, Appellee— Elizabeth Libby Tigner is the proper party Appellee

9. Kaitlin A. Wall of Fisher & Phillips LLP, counsel for Appellee

10. Edward F. Harold of Fisher & Phillips LLP, counsel for Appellee

These representations are made so the judges of this court may evaluate possible disqualification or recusal.

*s/Kaitlin A. Wall*
KAITLIN A. WALL

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The District Court properly dismissed Appellant's claims in connection with Appellee's Motion to Dismiss, by applying well-established jurisprudence. Appellee agrees with Appellant that this case does not warrant oral argument.

FP 60024424.1

## TABLE OF CONTENTS WITH PAGE REFERENCES
### FED. R. APP. P. 28(A)(2)

**CERTIFICATE OF INTERESTED PERSONS**................................................2

**STATEMENT REGARDING ORAL ARGUMENT** ............................3

**TABLE OF CONTENTS** ...................................................................4

**TABLE OF AUTHORITIES** .............................................................6

**JURISDICTIONAL STATEMENT**....................................................9

**STATEMENT OF THE ISSUES**........................................................9

**STATEMENT OF THE CASE**...........................................................9

**SUMMARY OF THE ARGUMENT** ................................................16

**ARGUMENT** ....................................................................................18

**I.    THE STANDARD OF REVIEW ON APPEAL** .......................................18

**II.   APPELLANT FORFEITTED HIS ARGUMENT FOR THE APPLICATION OF THE CONNER STANDARDS** ...............................18

**III.  THE DISTRICT COURT PROPERLY EXCLUDED APPELLANT FROM PUTTING FORTH ANY EVIDENCE AT TRIAL UNDER THE SETTLED GEISERMAN V. MACDONALD, 893 F.2D 787, 790 TH CIR. 1990), RUBRIC**......................................................19

**A. BACKGROUND** ...............................................................19

**B.  THE DISTRICT COURT PROPERLY APPLIED THE GEISERMAN STANDARD FOR EXCLUDING EVIDENCE** ...............22

**C.   THE DISTRICT COURT CORRECTLY CONCLUDED THAT APPELLANT FAILED TO PROVIDE AN ADEQUATE EXPLANATION FOR HIS LACK OF DUE DILIGENCE**....................23

**D.   THE DISTRICT COURT PROPERLY CONCLUDED THE IMPORTANCE OF THE EXCLUDED EVIDENCE DID NOT OVERRIDE THE ENFORCEMENT OF LOCAL RULES AND SCHEDULING ORDERS**........................................................23

FP 60024424.1

**E.  ALLOWING APPELLANT TO PUT ON EVIDENCE WOULD UNFAIRLY PREJUDICE APPELLEE(S)** ................................................**24**

**F.  THE DISTRICT COURT PROPERLY CONCLUDED CONTINUANCE WOULD NOT CURE THE PREJUDICE AGAINST APPELLEE, NOR WOULD IT DETER APPELLANT FROM FUTURE DILATORY BEHAVIOR** ..........................................**25**

**G.  THE CQ OR "SIERRA CLUB FACTORS" SHOW THAT THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN EXCLUDING APPELLANT'S EVIDENCE** ............................................**26**

**H.  WHILE THE COURT DID NOT RELY ON RULE 37 AND 41 IN THE DECISION, IT WOULD HAVE BEEN PROPER TO DO SO** ..............................................................**27**

**I.  DISMISSAL UNDER FRCP 41** ..............................................................**28**

**J.  DISMISSAL UNDER FRCP 37** .............................................................**30**

**IV.    CONCLUSION** .............................................................**33**

**CERTIFICATE OF SERVICE** .............................................................**35**

**CERTIFICATE OF COMPLIANCE** ...............................................**35**

FP 60024424.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barrett v. A. Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) ...................................................................16, 22

*Berry v. CIGNA/RSI-CIGNA*,
   975 F.2d 1188 (5th Cir. 1992) ......................................................................28

*Campbell v. Wilkinson*,
   988 F.3d 798 (5th Cir., Feb. 19, 2021) .........................................................28

*Chilcutt v. United States*,
  4 F.3d 1313, 1319-1320 (5th Cir. 1993)…………………….....................32

*CQ, Inc. v. TXU Mining Co., L.P.*,
   565 F.3d 268 (5th Cir. 2009) ..................................................................18, 27

*F.D.I.C. v. Conner*,
   20 F.3d 1376 (5th Cir. 1994) ..................................................................19, 31

*Geiserman v. MacDonald*,
   893 F.2d 787 (5th Cir. 1990)................................................................. *passim*

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
   361 F.3d 875 (5th Cir. 2004) ........................................................................23

*Heinsohn v. Carabin & Shaw*,
   P.C., 832 F.3d 224 (5th Cir. 2016)................................................................18

*Hornbuckle v. Arco Oil and Gas Co.*,
   770 F.2d 1321 (5th Cir. 1985) ......................................................................28

*Huffman v. Turner Indus. Grp., L.L.C.*,
   Civ. A. No. 12-1061, 2013 WL 2285124 (E.D. La. May 22, 2013) (Brown, J.)....................22

*Johnson v. Southern Norfolk*,
   1989 U.S. Dist. LEXIS 6467 (E.D. La. 1989) ..........................................29

*Jones v. Louisiana State Bar Association*,
   602 F.2d 94 (5th Cir. 1979) (per curiam)......................................................30

*King v. King*,
   117 F.4th 301 (5th Cir. 2024) .................................................................19, 27

*McNeal v. Papasan*,
842 F.2d 787 (5ᵗʰ Cir. 1988)................................................................28

*Moore v. CITGO Refin. & Chems. Co., L.P.*,
735 F.3d 309 (5th Cir. 2013) ........................................................18, 31

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
427 U.S. 639 (1976)..........................................................................30

*Noranda Alumina, LLC v. Associated Terminals, LLC*, No. CV 16-16677, 2018 WL
1092213, at *11 (E.D. La. Feb. 28, 2018), aff'd sub nom. *Noranda Alumina,
L.L.C. v. Associated Terminals*, L.L.C., 754 F. App'x 283 (5ᵗʰ Cir. 2019). ....................32, 33

*Painter v. Suire*,
No. 12-CV-00511-SDD-SCR, 2014 WL 4925522 (M.D. La. Spt. 30, 2014) ........................20

*Matter of Placid Oil Co.*,
932 F.2d 394 (5ᵗʰ Cir. 1991)................................................................28

*In re Pool Products Distribution Market Antitrust Litigation*,
MDL No. 2328, 2014 WL 3353232 (E.D. La. July 9, 2014) (Vance, J.) ..........................16, 22

*Quintero v. Balboa Ins. Co.*,
2009 WL 382506 (E.D. La. 2009) ........................................................31

*Rogers v. Kroger Co.*,
669 F.2d 317 (5th Cir. 1982) ............................................................29

*Shaw v. United Mexican States*,
2024 U.S. App. LEXIS 6166 (5th Cir. Tex., Mar. 14, 2024) ..................................29

*Sightlines v. Louisiana Leadership Institute*,
No. 13-CV-00527, 2015 WL 77671 (M.D. La. Jan. 6, 2015)....................................20

*Texas A & M Research Foundation v. Magna Transp., Inc.*,
338 F.3d 394 (5th Cir. 2003) ............................................................20

*Truck Treads, Inc. v. Armstrong Rubber Co.*,
818 F.2d 427 (5ᵗʰ Cir. 1987)............................................................27

*United States v. $49,000 Currency*,
330 F.3d 371 (5th Cir. 2003) ............................................................28

*Wilson v. James Indus. Contractors*,
2016 WL 7717492 (E.D. La. 2016) ........................................................27

FP 60024424.1

*Wilson v. Rentway, Inc.*,
  03-CV-0636, 2004 U.S. Dist. LEXIS 2086, 2004 WL 288531 (N.D. Tex. Feb.
  11, 2004) ................................................................................................................28

**Statutes**

28 U.S.C. §1927 ...........................................................................................31

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e, et seq. ....................10

Louisiana Employment Discrimination Law, La. R.S. § 23:332 ..................10

Whistleblower Protect Act, 5 U.S.C. § 2302(b)(8) .....................................10

**Other Authorities**

Federal Rule of Civil Procedure 16(b) ....................................................16, 22

Federal Rules of Civil Procedure Rule 26(a) ................................................20

FRCP Rule 37 ...........................................................15, 20, 27, 30, 32, 33

FRCP Rule 41 .................................................................27, 28, 30, 32

FP 60024424.1

## JURISDICTIONAL STATEMENT

Appellee agrees that the Court has jurisdiction, and that Appellant timely filed a notice of appeal.

## STATEMENT OF THE ISSUES

1. Whether the District Court properly excluded Appellant's evidence under the settled *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990), rubric because of his failure to comply with the Court's scheduling order and prosecute his case.

2. Whether the District Court properly dismissed Appellant's claims on Motion to Dismiss due to Appellant's inability to present any evidence at trial.

## STATEMENT OF THE CASE

On July 29, 2021, Plaintiff/Appellant William Savage brought suit making workplace race discrimination and retaliation claims against his former employer Lasalle Management Company and other former Lasalle employees. He brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:332; and the Whistleblower Protect Act (the "WPA"), 5 U.S.C. § 2302(b)(8). Appellant's Complaint included claims for (1) wrongful termination; (2) failure to promote; (3) hostile work environment; (4) retaliation; and (5) failure to train.[1]

---

[1] ROA.132

FP 60024424.1

On March 17, 2023, Appellees filed their *first* Motion to Compel Discovery, asking the Court for an Order compelling Appellant to answer and fully respond to Appellee's interrogatories and requests for production of documents.[2] Appellees also ask the Court to impose sanctions and award attorney's fees.[3] Appellant did not oppose the motion.[4]  On May 3, 2023, the District Court granted Appellee's Motion to Compel, and ordered Appellant to respond to Appellee's interrogatories and request for productions, and remit payment in the amount of $300 to Appellees, within 7 days of the date of the order:[5]

> Here, Defendants have shown that Plaintiff has failed to respond to their discovery requests. The undersigned also notes that Plaintiff failed to respond to the instant motion to compel. Accordingly, Defendants' motion to compel discovery is GRANTED.[6]
>
> ***
>
> Within seven (7) days of the date of this order, Plaintiff is ordered to answer and fully respond to Defendants' interrogatories and request for production of documents.[7]
>
> ***
>
> Defendants also seek attorney's fees…. Given Plaintiff's failure to respond to Defendants' requests for discovery, the undersigned finds that it is appropriate to award Defendants' attorney's fees. Accordingly, within seven (7) days of the date of this order, Plaintiff is ordered to issue payment to Defendants in the amount of $300.[8]

---

[2] ROA.178-185
[3] ROA.178-185
[4] ROA.216
[5] ROA.215
[6] ROA.219
[7] ROA.219
[8] ROA.219

FP 60024424.1

On June 8, 2023, Appellees filed their ***first*** Motion to Dismiss, under FRCP Rule(s) 37(B)(2) and/or 41(B), because Appellant failed to comply with the Court's May 3, 2023, Order and, specifically, that Appellant failed to respond to Appellees' discovery requests and failed to remit payment of fees.[9] On August 8, 2023, the District Court granted Appellee's Motion in part, ordering Appellant to remit payment in the amount of $600 to Appellees, within 7 days of the date of the order

> Given Plaintiff's failure to comply with the Court's May 3, 2023 Order, the undersigned finds that it is appropriate to award Defendants attorney's fees. Under these circumstances, the Court should assess counsel for Plaintiff, Carol D. Powell Lexing, the total sum of $600.00, with payment to be issued within seven (7) days after the entry of judgment.[10]

In conjunction with this motion, and the delay caused by Appellant, the District Court vacated the original scheduling order.[11]

The new scheduling order set a deadline of March 8, 2024, for Appellant to provide Appellees with his pre-trial inserts. This deadline came and passed with no communication from Appellant's counsel.[12] Even so, in accordance with the court's scheduling order, on March 14, 2024, Appellee provided Appellant with their pre-trial inserts.[13]

---

[9] ROA.220
[10] ROA.284
[11] ROA.286
[12] ROA.575
[13] ROA.575

On March 15, 2024, Appellees filed their ***first*** Motion in Limine seeking an Order from the Court to exclude and/or preclude Appellant from calling any witnesses and/or introducing exhibits as evidence at the upcoming trial on this matter, as a result of his failure to provide the information for the pretrial order, and particularly, the identity of the witnesses and exhibits he intended to use at trial.[14]

On March 18, 2024, Counsel for Appellee attempted to contact Appellant's counsel about the impending deadline, set forth by the District Court in its operating schedule, to confer regarding the court ordered joint proposed pre-trial order.[15] No response was received by Appellant's counsel.

As a result, on Monday, April 1, 2024, in light of all communications from Appellee's counsel going unanswered by Appellant's counsel, (since November 30, 2023), in accordance with the Court's scheduling order, counsel for Appellee notified the court of her inability to obtain the cooperation of Appellant's counsel for the purposes of timely preparing a joint proposed pretrial order in accordance with the Court's scheduling order.[16]

---

[14] ROA.306-313

[15] ROA.429 "Carol. The purpose of this email is to reach out to confer re: proposed pre-trial order, in accordance with the court's scheduling order. Defendants submitted their pre-trial inserts to you on Thursday, March 14, 2024. To date. Defendants still have not received Plaintiffs pre-trial inserts. The deadline to file the parties proposed pre-trial order is approaching, April 8, 2024."

[16] ROA.431, "Dear Judge Doughty: In accordance with Section 9 of this Court's Scheduling Order in the above-entitled matter, please allow this letter to serve as Defendant's formal notification to the Court of undersigned's inability to obtain the cooperation of Plaintiff s counsel in preparation of a proposed pretrial order. On March 14. 2024. Defendant submitted its pretrial inserts to Plaintiff for review. Thereafter, on or just before March 19, 2024, undersigned emailed Plaintiff's counsel in an attempt to confer regarding preparation of a proposed pre-trial order. To date, counsel still has not conferred and Plaintiff still has not provided his pre-trial inserts to Defendants."

The District Court again showed mercy to Appellant by upsetting the deadlines and continuing the impending trial, for the third time.[17] This time, the District Court issued a warning to Appellant, that no more continuances would be granted.[18]

Notwithstanding the Court's warning, Appellant refused to participate in any meaningful way in lawsuit, including by again failing and/or refusing to identify any relevant witnesses or exhibits he intended to use at the upcoming trial. Rather, on January 3, 2025, Appellees received Appellant's pretrial inserts, which are, in essence, simply a copy of Appellant's (non-supplemented) initial disclosures with many witnesses having no listed addresses or other contact information or statements regarding the particular facts the witnesses will be testifying about as well as names of individuals/exhibits never before disclosed to Appellees.[19]

As a result, with trial looming, on January 10, 2025, Appellees filed their *second* Motion in Limine, seeking an Order from the Court that would exclude and/or preclude Appellant from calling any witnesses and/or introducing exhibits as evidence at the upcoming trial as a result of Appellant's failure to supplement his

---

[17] ROA.482-486. ROA.465 "[b]ased on looking at the record, it is obvious that the Court has given Plaintiff ample time to disclose all potential witnesses and exhibits, and Plaintiff has failed to do so"

[18] ROA.486 "Although not explicitly asked for, this Court finds that a continuance in this matter is necessary. However, this will be the last continuance for the failure to timely communicate and abide by Court's orders in this case."

[19] ROA.519

initial disclosures/discovery responses and/or to timely disclose the relevant witness/exhibit information sought to be introduced.[20]

In response, on February 14, 2025, the Court set a telephone conference with the parties, providing in pertinent part:

> To prepare for the upcoming trial, in light of the pending Motion (R. Doc. 63) to exclude all of Plaintiff's witnesses and evidence, the Court will hold a telephone status conference on Tuesday, February 18, 2025, at 2:00 p.m. CST.[21]

Counsel for Plaintiff did not appear at the status conference.[22] The next day, February 19, 2025, this Court issued its Memorandum Order, ruling in pertinent part:

> **IT IS ORDERED** that the Motion to Exclude (R. Doc. 63) is **GRANTED.**
> ***
> **IT IS FURTHER ORDERED** that the pending Motion for a second status conference (R. Doc. 75) is **DENIED.**
> ***
> **IT IS FURTHER ORDERED** that the trial set for March 3, 2025, is **CONTINUED** without date.
> ***
> **IT IS FURTHER ORDERED** that the dispositive motion deadline be **REOPENED**. Any dispositive motion must be filed by Friday, March 21, 2025. All other deadlines remain closed.[23]

On February 28, 2025, in accordance with the Court's February 19, 2025, Order, Appellee filed their *second* Motion to Dismiss, requesting that the Court issue

---

[20] ROA.500-527
[21] ROA.591
[22] ROA.592
[23] ROA.597-601

FP 60024424.1

an Order dismissing the claims of Appellant, with prejudice, pursuant to Rules 37 and/or 41 of the Federal Rules of Civil Procedure, as a result of his repeated refusal to cooperate and participate in discovery, continued willful disregard of the Scheduling Order(s), and failure and/or refusal to prosecute his case.[24] Because of Appellant being unable to put forth any evidence or witnesses at his upcoming trial, the District Court granted Appellee's Motion, and Appellant's claims against Appellees were dismissed with prejudice.[25] Appellant now appeals this ruling.

---

[24] ROA.602-621
[25] ROA.673-674

FP 60024424.1

## SUMMARY OF THE ARGUMENT

The District Court properly excluded Appellant's evidence at trial as result of his repeated refusal to participate the proceedings of his lawsuit in any meaningful way and his refusal to comply with the District Court's discovery orders and scheduling deadlines, despite the many chances afforded to him by the District Court. As such, the District Court properly dismissed Appellant's claims, with prejudice, against Appellees due to Mr. Savage's inability to meet his burden of proof without being able to offer any witnesses or exhibits at trial.

On appeal, Appellant rehashes the same meritless arguments, previously proffered to the District Court, which helped him escape dismissal for close to four years, notwithstanding the case remaining at infancy stage. After thrice continuing trial and discovery deadlines due to Appellant's delay, the District Court properly considered and rejected the same meritless excuses proffered by Appellant, again in the eleventh hour of a fourth set, imminently approaching, jury trial in a case that is undeveloped due to Appellant's refusal to participate in his own lawsuit.

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *Barrett v. Atlantic Richfield* Co., 95 F.3d 375, 380 (5th Cir. 1996) (citing FRCP Rule 16). The Federal Rules of Civil Procedure specifically authorize District Courts to exclude evidence because of a parties failing to comply with the scheduling order. *In re Pool Products*

*Distribution Market Antitrust Litigation*, MDL No. 2328, <u>2014 WL 3353232</u>, at *1 (E.D. La. July 9, 2014) (Vance, J.) (citing FRCP Rules 16(f) and 37(b)(2)). The District Court's decision to do so here was not an abuse of discretion. The resulting dismissal because Plaintiff could not prove his case was correct.

FP 60024424.1

# **ARGUMENT**

## I.     **THE STANDARD OF REVIEW ON APPEAL**

The court reviews evidentiary rulings, including decisions to exclude evidence, for abuse of discretion. *Heinsohn v. Carabin & Shaw,* P.C., <u>832 F.3d 224, 233</u> (5th Cir. 2016). "[A] trial court's decision to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Geiserman v. MacDonald,* <u>893 F.2d 787, 790</u> (5th Cir. 1990), (quoting *Davis v. Duplantis*, <u>448 F.2d 918, 921</u> (5th Cir.1971). The Court of Appeals employs the CQ factors, <u>565 F.3d 268</u>, to determine whether a district court abused its discretion when it excludes untimely evidence.  *CQ, Inc. v. TXU Mining Co., L.P.,* <u>565 F.3d 268, 279</u>–80 (5th Cir. 2009), "We employ the "CQ factors" to determine whether a district court abused its discretion when it excludes untimely evidence"; See also *Moore v. CITGO Refin. & Chems. Co., L.P.*, <u>735 F.3d 309, 318</u>–19 (5th Cir. 2013) (referring to the CQ factors as the "Sierra Club factors").

## II.     **APPELLANT FORFEITED HIS ARGUMENT FOR THE APPLICATION OF THE *CONNER* STANDARDS**

Appellant's brief contains minimal argument addressing the District Court's findings. Instead, Appellant primarily argues that the District Court erred by not applying the "*Conner* factors" in determining if his case should be dismissed. When appropriate to apply, the *Conner* factors pose a higher bar for exclusion than do the *Geiserman* factors the District Court applied. See *F.D.I.C. v. Conner,* <u>20 F.3d 1376,</u>

1380 (5th Cir. 1994). However, Appellant did not raise this argument at the District

Court and cannot make it now. As this Court recently explained,

> The Beneficiaries contend that the district court should have used the "*Conner* factors," which pose a higher bar for exclusion than do the CQ factors, because this is a "litigation-ending sanction." The Beneficiaries did not raise this argument in the district court. Indeed, they agreed in the district court that the CQ factors applied and briefed those factors before the hearing on the Co-Trustees' motion. Thus, the Beneficiaries' argument is forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021) ("We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal."). Even if it were properly preserved, this argument is at odds with our precedent. We have routinely reviewed orders excluding damages evidence using the *CQ* factors when the exclusion of evidence leads to the dismissal of claims. *See, e.g., Moore*, 735 F.3d at 319; *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990).

*King v. King*, 117 F.4th 301, 307 n. 2 (5th Cir. 2024). As a result, Appellant forfeited

this argument, and in any event, it is erroneous because the *Geiserman* factors were

the right analysis on a decision to exclude evidence.

## III.  THE DISTRICT COURT PROPERLY EXCLUDED APPELLANT FROM PUTTING FORTH ANY EVIDENCE AT TRIAL UNDER THE SETTLED *GEISERMAN V. MACDONALD*, 893 F.2D 787, 790 (5TH CIR. 1990), RUBRIC

### A.  BACKGROUND

In addition to the procedural events set out in the Statement of the Case, there

is significant other evidence of Appellant's failing to comply with his obligations,

particularly, the identification of witnesses and exhibits. Rule 26(a) of the Federal

Rules of Civil Procedure specifically require parties, without awaiting a discovery request, to provide initial disclosures to the other parties.[26] The initial disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[27] Pursuant to FRCP 37, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[28] The non-disclosing party bears the burden of proving its failure was justified or harmless.[29] A non-disclosing party should be prevented from calling witnesses or introducing evidence identified during the late stage of the proceedings, at the eve of trial, because it would be highly prejudicial to the opposing party.

Appellant's Initial Disclosures, which had never been supplemented did not provide addresses of most witnesses nor an identification of the subject matter of their testimony.[30] Then, Appellant's pre-trial inserts consisted of individuals who either 1) had never previously been disclosed to Appellees prior to the pre-trial

---

[26] *Sightlines v. Louisiana Leadership Institute*, No. 13-CV-00527, 2015 WL 77671, at *1 (M.D. La. Jan. 6, 2015).

[27] *Sightlines v. Louisiana Leadership Institute*, citing Fed. R. Civ. P. 26(e)(1)(A).

[28] *Sightlines v. Louisiana Leadership Institute*, citing Fed. R. Civ. P. 37(c)(1). The Fifth Circuit has delineated the following four factors as relevant in determining whether a Rule 26 violation is harmless or substantially justified: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation of the party's failure to disclose." *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

[29] *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at * 2 (M.D. La. Spt. 30, 2014) citing *In re Sambrano*, 440 B.R. 702, 707 (W.D. Tx. 2010).

[30] ROA.335-338

inserts and/or 2) had already been determined by counsel for both parties to either a) never have been employed by Appellees or b) not been employed by Appellees within any reasonable time frame such that they could be produced by Appellees for a deposition or such that their testimony could possibly be relevant to this litigation.[31] Coupled with Appellant's dilatory actions throughout the four years of legal proceedings associated with his case, the District Court correctly held to exclude Plaintiff's witnesses and exhibits which were either entirely irrelevant to the litigation and/or never disclosed until the eve of trial, unfairly prejudicing Appellees.[32]

A majority of the background/timeline is succinctly outlined, sworn to via affidavit by Counsel for Appellee, is contained in the record of appeal for these matters.[33] Counsel for Appellee rejects Appellant's statements regarding Lassalle's attempts to take Plaintiff's deposition. To the contrary, the record demonstrates numerous instances where Appellees tried to obtain Mr. Savage's availability to take his deposition, to no avail.[34]

---

[31] ROA.562; see also ROA.575 "Carol, I have heard back from my clients. None of the individuals you listed are currently employed with Defendants, and only two of them ever were-a long time ago. That is why it took them a while to confirm employment history for your list of witnesses you wanted to depose. FYI, Clovis Tillery was employed by Richwood Correctional Center, LLC until March 2011. Richard Spinner left employment with LaSalle Management Company, LLC in January 2016. Shelia Braxton, Wanda McGowen, and Lacie Darcie never worked for LMC."

[32] ROA.597-601

[33] ROA.515

[34] ROA.424; see also ROA.575; "Let me know how you wish to proceed, and what dates your client is available for me to take his deposition" ROA.425; see also ROA.574 "Please recall, on several occasions I have requested dates to depose your client and you have never responded to my requests."

## B.    THE DISTRICT COURT PROPERLY APPLIED THE *GEISERMAN* STANDARD FOR EXCLUDING EVIDENCE

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *Barrett v. Atlantic Richfield* Co., 95 F.3d 375, 380 (5th Cir. 1996) (citing FRCP Rule 16). Consistent with this authority, district courts have "broad discretion" to enforce its scheduling order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990). District courts also have broad discretion in determining how to best preserve the integrity and purpose of its scheduling order. *Huffman v. Turner Indus. Grp., L.L.C.*, Civ. A. No. 12-1061, 2013 WL 2285124, at *5 (E.D. La. May 22, 2013) (Brown, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)). The Federal Rules of Civil Procedure specifically authorize this Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328, 2014 WL 3353232, at *1 (E.D. La. July 9, 2014) (Vance, J.) (citing FRCP Rules 16(f) and 37(b)(2)).

In *Geiserman,* the Fifth Circuit listed four factors that a court should consider in exercising its discretion to exclude evidence because of a failure to comply with a scheduling order: (1) a party's explanation for its failure to produce the evidence; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the evidence; and (4) the availability of a continuance to cure such

prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). *See also*

*Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004).

### C.     THE DISTRICT COURT CORRECTLY CONCLUDED THAT APPELLANT FAILED TO PROVIDE AN ADEQUATE EXPLANATION FOR HIS LACK OF DUE DILIGENCE

The District Court properly considered and rejected Appellant's argument(s)

under the first factor of the *Geiserman rubric:*

> Under the first factor, the Court finds no adequate explanation for Appellant's continued lack of diligence. This case was filed on July 29, 2021, forty-two months ago. The only real action in the case has been to evaluate whether Appellant intends to prosecute it. And as stated above, Appellant's counsel blew every chance the Court gave. *See* R. Doc. 40; R. Doc. 56; R. Doc. 74. Accordingly, this factor weighs in favor of exclusion.[35]

Appellant's brief contains no argument related to this point and does not

challenge it as factually or legally incorrect. That said, any attempt by Appellant to

rebut the District Court's reasonings would be futile. Both the Record on Appeal,

and Appellant's own Brief, include evidence demonstrative of the many, many,

chances afforded to Appellant by the District Court, as well as the continued failure

by Appellant to put forth the requisite bare minimum effort to participate in his own

lawsuit.

### D.     THE DISTRICT COURT PROPERLY CONCLUDED THE IMPORTANCE OF THE EXCLUDED EVIDENCE DID NOT OVERRIDE THE ENFORCEMENT OF LOCAL RULES AND SCHEDULING ORDERS

---

[35] ROA.599, emphasis added.

FP 60024424.1

The District Court properly considered and rejected Appellant's argument(s)

under the second factor of the *Geiserman rubric:*

> Under the second factor, the Court finds that the proposed evidence is important. Indeed, the evidence is all of Appellant's case, and without it, he will likely be deprived of the opportunity to prove any essential element of his claims. This factor thus weighs against exclusion. It remains, however, that the importance of excluded evidence "cannot *singularly* override the enforcement of local rules and scheduling orders." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Barrett v. A. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)).[36]

Appellant's brief contains no argument related to this point and does not

challenge it as factually or legally incorrect.

## E.    ALLOWING APPELLANT TO PUT ON EVIDENCE WOULD UNFAIRLY PREJUDICE APPELLEE(S)

The District Court properly considered and rejected Appellant's argument(s)

under the third factor of the *Geiserman rubric:*

> Under the third factor, allowing Appellant to put on evidence at this stage would exact unfair prejudice on Appellees. Due to his dilatory development of the case, Appellees have no meaningful understanding of the contours of this case aside from the Complaint. They have furthermore been effectively deprived of filing dispositive motions. With all proposed evidence of Appellant to be breached for the first time at trial, this would give Appellees "little opportunity to examine" the late evidence, and thus this factor weighs in favor of exclusion. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 373 (5th Cir. 2016).[37]

---

[36] ROA.599
[37] ROA.600, emphasis added.

The only semblance of an attempt by Appellant to address the District Court's ruling on this factor is a vague, misinformed, statement where he incorrectly proffers that "the District Court made no explicit findings of….substantial, incurable prejudice."[38] This statement by Appellant is intertwined with a forfeited heightened pleading standards argument and is still undermined by the Court's clear consideration of the "prejudice" (third) factor of the *Geiserman* rubric. "Under the third factor, allowing Appellant to put on evidence at this stage would <u>exact unfair prejudice</u> on Appellees."[39]

### F.     THE DISTRICT COURT PROPERLY CONCLUDED CONTINUANCE WOULD NOT CURE THE PREJUDICE AGAINST APPELLEE, NOR WOULD IT DETER APPELLANT FROM FUTURE DILATORY BEHAVIOR

The District Court properly considered and rejected Appellant's argument(s) under the fourth factor of the *Geiserman* rubric:

> Under the fourth factor, the Fifth Circuit has explained that a "continuance is the 'preferred means of dealing with a party's attempt to [offer evidence] out of time.'" *Id. at 374* (citation omitted). Nevertheless, "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court-imposed scheduling orders.'" *Barrett*, <u>95 F.3d at 381</u> (quoting *Geiserman v. MacDonald*, <u>893 F.2d 787, 792</u> (5th Cir. 1990)). <u>Here, the Court has *thrice* continued trial and discovery deadlines due to Appellant's delay.</u> See R. Doc. 41; R. Doc. 44; R. Doc. 56. <u>On our now fourth Scheduling Order, and with Appellant warned that no further continuance would issue, the case remains woefully underdeveloped.</u> R. Doc. 29; R. Doc.

---

[38] Appellant's Brief, p. 29.
[39] <u>ROA.600</u>, emphasis added.

42; R. Doc. 45; R. Doc. 58. This factor thus weighs in favor of exclusion. *See Barrett*, 95 F.3d at 381.[40]

The following is the only semblance of an attempt by Appellant to address the District Court's ruling on this factor:

> The District Court made no explicit findings of…. the inadequacy of lesser sanctions.[41]
>
> ***
>
> Lesser Sanctions could have been imposed on the Appellees as well as Appellant such as a short continuance, a firm deposition schedule, and cost shifting.[42] The District Court did not meaningfully weigh those options.[43]

Appellant's contention that the District Court overlooked or "meaningfully weigh" the option of a continuance ignores that the District Court had previously ruled, when continuing the trial for the third time, that no more continuances would be granted.[44] The District Court unambiguously considered the "continuance" (fourth) factor of the *Geiserman* rubric in its ruling.[45]

## G.    THE CQ OR "SIERRA CLUB FACTORS" SHOW THAT THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN EXCLUDING APPELLANT'S EVIDENCE

The Court of Appeals employs the *CQ* factors, 565 F.3d 268, to determine whether a district court abused its discretion when it excludes untimely evidence.

---

[40] ROA.600, emphasis added.
[41] Appellant's Brief, p. 29.
[42] Appellant's Brief, p. 29.
[43] Appellant's Brief, p. 29.
[44] ROA.486
[45] ROA.600.

They are essentially the same as the *Geiserman* factors.[46] *See, e.g., King v. King,* 117 F.4th 301 (5th Cir. 2024). As Appellant has proffered no explanation of why the District Court's *Geiserman* standards conclusions were wrong, there is no basis for a finding that the District Court abused its discretion in excluding Appellant's evidence and dismissing his case.

### H. WHILE THE COURT DID NOT RELY ON RULE 37 AND 41 IN THE DECISION, IT WOULD HAVE BEEN PROPER TO DO SO

Appellant argues that it was inappropriate for the District Court to dismiss his case under FRCP 37 and 41. The District Court did not do so but found that those grounds also existed.[47] This is a proper alternative basis for upholding the District Court's decision. While Rule 37 and/or Rule 41 sanction(s), in the form of prejudicial dismissal, may seem harsh, the Fifth Circuit has consistently demonstrated their willingness to impose the ultimate sanction(s) to "deter those who might be tempted to such conduct in the absence of such a deterrent."[48]

---

[46] *See also FRCP* Rule(s) 26, 37(b)(2)(A)(ii), 37(c)(1).

[47] ROA.673 fn. 2.

[48] *See Wilson v. James Indus. Contractors*, 2016 WL 7717492, *2 (E.D. La. 2016), *report and recommendation adopted*, 2017 WL 111281 (E.D. La. 2017), *quoting Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). See *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 429-30 (5th Cir. 1987) (affirming district court's dismissal of plaintiff's claims when, in addition to counsel for plaintiff's contumacious conduct, plaintiff repeatedly failed to respond fully to discovery requests and violated a court discovery order); see also; *United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003) (finding that the district court's did not abuse its discretion by imposing sanction of default judgment when claimants violated the court's discovery order and deadlines); see also; *Wilson v. Rentway, Inc.*, 03-CV-0636, 2004 U.S. Dist. LEXIS 2086, 2004 WL 288531, at *1 (N.D. Tex. Feb. 11, 2004) ("Because plaintiff has failed to comply with the above-quoted order and failed to respond to proper discovery requests in compliance with the Federal Rules of Civil Procedure, the court finds that the sanction of dismissal with prejudice should be imposed on plaintiff, and that no lesser sanction would appropriately address plaintiff's failures.

## I.    DISMISSAL UNDER FRCP 41

Under FRCP 41(b), a Defendant may move to dismiss the action or any claim against it if the Plaintiff fails to prosecute or to comply with these rules or a court order. Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.[49] The Fifth Circuit will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the Plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.[50] In most cases where the Fifth Circuit has affirmed a dismissal with prejudice, it has found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[51] Cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leave the court no choice but to deny that plaintiff its benefit.[52]

---

[49] *Campbell v. Wilkinson*, 988 F.3d 798, 799 (5th Cir., Feb. 19, 2021)

[50] *Id.* See also; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) *Id.* (footnote omitted); *see also McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988). We review factual findings made in support of a Rule 41(b) dismissal under a clearly-erroneous standard. *See Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991); *Hornbuckle v. Arco Oil and Gas Co.*, 770 F.2d 1321, 1322 (5th Cir. 1985).

[51] *Id.*

[52] *Johnson v. Southern Norfolk*, 1989 U.S. Dist. LEXIS 6467, (E.D. La. 1989); *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982),

When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice. Such lesser sanctions include, for example, conditional dismissals, dismissals without prejudice, and explicit warnings by the district court. Furthermore, providing plaintiff with a second or third chance is itself a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.[53]

In *Johnson v. Southern Norfolk,* 1989 U.S. Dist. LEXIS 6467, (E.D. La. 1989); the District Court dismissed the Plaintiff's case, with prejudice, based on the clear record of delay and contumacious conduct on the part of counsel for the Plaintiff and the ineffectiveness of the court's prior warnings and impositions of lesser sanctions.

Here, a clear record of delay and contumacious conduct on the part of counsel for the Plaintiff exists, with the Court's prior warnings and impositions of lesser sanctions proving ineffective.[54] On May 3, 2023, the Court sanctioned Plaintiff, in the amount of $300, in response to Defendants' March 17, 2023, Motion to Compel.[55] On August 24th, 2023, the Court Sanctioned Plaintiff's counsel, for the

---

[53] *Shaw v. United Mexican States,* 2024 U.S. App. LEXIS 6166, (5th Cir. Tex., Mar. 14, 2024); see also *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir. 1982).

[54] ROA.600, "Here, the Court has *thrice* continued trial and discovery deadlines due to Plaintiff's delay." "On our now fourth Scheduling Order, and with Plaintiff warned that no further continuance would issue, the case remains woefully underdeveloped."

[55] ROA.284

total sum of $600.00, in response to Defendants' June 8, 2023, Motion to Dismiss.[56]

On April 10, 2024, in response to Defendants' March 15, 2024, Motion in Limine, the Court again**,** warned Plaintiff, this will be the last continuance for the failure to timely communicate and abide by Court's orders in this case.[57]

Appellant's continued refusal to participate, despite two (2) monetary sanctions, and a firm warning from the Court, demonstrates both the willful intent of Appellant and that a lesser sanction would not substantially achieve the desired deterrent effect. As such, FRCP Rule 41 supports dismissal of Appellant's claims against Appellees with prejudice.

### J. DISMISSAL UNDER FRCP 37

It is firmly established that District Courts are authorized, under FRCP 37(b)(2)(C), to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order.[58] Rule 37(b)(2) grants district courts considerable, but not unlimited, discretion in fashioning appropriate penalties for those who disobey discovery orders, including by empowering district courts to impose "just" sanctions on parties who disobey discovery orders. For the violation of such orders, a district

---

[56] ROA.219
[57] ROA.486
[58] *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S. Ct. 2778, 2779, 49 L. Ed. 2d 747 (1976); *Jones v. Louisiana State Bar Association*, 602 F.2d 94, 96 (5th Cir. 1979) (per curiam).

court can, among other things, order the dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees.[59]

Rule 37(b)(2) places the burden on the disobedient party to avoid expenses by authorizing the district court to order counsel for the disobedient party to pay the opposing side's reasonable expenses personally[60] and by requiring the award of expenses for the failure to obey a discovery order unless the disobedient party establishes that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(v) expressly contemplates dismissal. The Fifth Circuit has established that a district court does not abuse its discretion in awarding dismissal as a discovery sanction if the refusal to comply results from "willfulness or bad faith" and is accompanied by "a clear record of delay or contumacious conduct." Rule 37(b)(2) places the burden on the disobedient party to avoid expenses by authorizing the district court to order counsel for the disobedient party to pay the opposing side's reasonable expenses personally and by requiring the award of expenses for the failure to obey a discovery order unless the disobedient party establishes that the

---

[59] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1378 (5th Cir. 1994); see also; *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 313 (5th Cir. 2013); see also; *Quintero v. Balboa Ins. Co.*, 2009 WL 382506, at *1-2 (E.D. La. 2009) (dismissing Katrina homeowner's suit for plaintiff's failure to cooperate in discovery).
[60] *F.D.I.C. v. Conner; see also* 28 U.S.C. §1927.

failure was substantially justified or that other circumstances make an award of expenses unjust.[61]

In *Noranda Alumina, LLC v. Associated Terminals, LLC*, No. CV 16-16677, 2018 WL 1092213, at *11 (E.D. La. Feb. 28, 2018), aff'd sub nom. *Noranda Alumina, L.L.C. v. Associated Terminals,* L.L.C., 754 F. App'x 283 (5th Cir. 2019), Defendants moved to Dismiss the Plaintiff's claims with prejudice as a result of Plaintiff's continued refusal to comply with discovery orders/deadlines. The *Noranda* Court granted Defendants' Motion, affirming the Magistrate Judge's determination that Plaintiff's ongoing, willful discovery abuses and violation of the Court's Order constituted willful conduct warranting dismissal under Rules 37 and 41, further finding:

> The Court finds that the record establishes a pattern and *clear history of abusive discovery practices, violations of the Federal Rules of Procedure, and direct noncompliance with a court order.* Significantly and inexcusably, these willful abuses and unjustified delays in responding to legitimate discovery are ongoing leading up to the day of trial. Noranda's conduct has not only prejudiced Associated in the defense of the claims asserted against it, but it also threatens the integrity of the judicial process.[62]
>
> ***
>
> Even after facing a motion to compel, a court discovery order, a motion to dismiss for failure to comply with that order, and a Magistrate's

---

[61] *F.D.I.C. v. Conner; see also* 28 U.S.C. §1927, see also, *Chilcutt v. United States*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993), Under Rule 37, a court may sanction a party on motion, if that party fails to timely supplement or correct a response to discovery that is incomplete or incorrect. Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e). To that end, the court may award reasonable attorney's fees and costs caused by the party's failure to respond or supplement. Fed. R. Civ. P. 37(c)(1)(A). Rule 37 of the Federal Rules of Civil Procedure authorizes courts to appropriately respond to and deal with parties who have disobeyed discovery orders.

[62] *Noranda Alumina, LLC v. Associated Terminals, LLC*, No. CV 16-16677, 2018 WL 1092213, at *11 (E.D. La. Feb. 28, 2018), aff'd sub nom. *Noranda Alumina, L.L.C. v. Associated Terminals,* L.L.C., 754 F. App'x 283 (5th Cir. 2019).

Report recommending dismissal, Noranda's behavior still remains undeterred. As such, no lesser sanction would produce the necessary deterrent effect in this case.[63]

Similarly, here, a clear record of Appellant's continued delay(s) and/or contumacious conduct is clear from the record. The record is replete with instances demonstrative of Appellants continued, intentional, refusal to comply with the District Court's discovery orders, scheduling deadlines, or to meaningfully participate in *his* lawsuit in any way. Appellant's willful refusal to prosecute his own case substantially prejudiced Appellees in that, despite their continued good faith efforts to participate in and conduct the litigation of this matter, four years in the case remains undeveloped. Appellant's continued refusal to participate, despite two (2) monetary sanctions, and a firm warning from the Court, demonstrates both the willful intent of Appellant and that a lesser sanction would not substantially achieve the desired deterrent effect. As such, FRCP Rule 37 supports dismissal of Appellant's claims against Appellees with prejudice.

## IV.    <u>CONCLUSION</u>

The District Court did not abuse its discretion in its decision to exclude Appellant's evidence at trial or in its dismissal of Appellant's claims against Appellees. Appellant has not offered any legitimate legal basis to justify reversal of the District Court's Judgment(s). Appellant spent four years ignoring his obligations

---

[63] *Noranda Alumina, LLC v. Associated Terminals, LLC*, No. CV 16-16677, at *11.

to identify witnesses and documentary evidence. He failed or refused to make himself available for a deposition; to comply with scheduling deadlines; to adhere to the District Court's discovery orders, and/or to participate in his own litigation in any meaningful way. Given his conduct, the District Court properly excluded his evidence under *Geiserman* and thereafter, properly dismissed his claims because he could not prove them.

Accordingly, Appellees respectfully pray that Appellant's appeal be denied, and the District Court's Judgment(s) be affirmed in full.

Respectfully submitted, this the 22nd day of October 2025.

*s/Kaitlin A. Wall*
KAITLIN A. WALL
La. Bar Roll 39462
EDWARD F. HAROLD
La. Bar Roll 21672
FISHER & PHILLIPS LLP
201 St. Charles Avenue,
Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: *kawall@fisherphillips.com*
       *eharold@fisherphillips.com*
**Counsel for Appellees**

FP 60024424.1

## **CERTIFICATE OF SERVICE**

Undersigned counsel for Defendants-Appellees hereby certifies that she has filed the above Brief of Appellees with the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's electronic case data filing system (CM/ECF), which sent notification of such filing to counsel for Plaintiff-Appellant.

So certified, this 22nd day of October 2025.

*s/ Kaitlin A. Wall*
Kaitlin A. Wall (# 39462)


## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5039 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman font (except for footnotes, which are in 12-point Times New Roman font, as permitted by Fifth Circuit Rule 32.1).

So certified, this the 22nd day of October 2025.

*s/ Kaitlin A. Wall*
Kaitlin A. Wall (# 39462)